**E-FILED**
Thursday, 22 September, 2005  09:35:51 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JANE STOLTEY,                    ) | |
|           **Plaintiff,**   ) | |
| v.                               ) | |
|                            ) | Case No. 05-2159 |
| UNIVERSITY OF ILLINOIS,          ) | |
| OLIVER J. CLARK,                 ) | |
| JOHN BROWN, and                  ) | |
| KRYSTAL L. FITZPATRICK,          ) | |
|                            ) | |
|           **Defendants.**  ) | |

## REPORT AND RECOMMENDATION

In July 2005, Plaintiff, Jane Stoltey, filed a Complaint (#5) against Defendants University of Illinois, Oliver Clark, John Brown, and Krystal Fitzpatrick, alleging claims related to a false arrest. These claims appear to be based on violations of Plaintiff's civil rights pursuant to Section 1983 (42 U.S.C. § 1983). Federal jurisdiction is based on federal question under 28 U.S.C. § 1331.

In September 2005, Defendants Clark, Brown, and Fitzpatrick filed a Motion To Dismiss (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#14)** be **GRANTED in part** and **DENIED in part.**

### I. Background

#### A. Factual Background

The following background is taken from the complaint. Plaintiff alleges that, in July 2003, Defendant Brown wrote a report full of lies that led to the issuance of a warrant for her arrest for trespass at the Illini Union. The warrant was executed about a week after the alleged incident. The judge refused to allow a recognizance bond based on Brown's false statement that Plaintiff was homeless. As a result, Plaintiff was imprisoned for five days until she could post bond. Plaintiff later attempted to obtain videotapes from the Illini Union to prove her innocence and was told that they had been erased. Defendant Fitzpatrick obstructed Plaintiff's

investigation by ordering her subordinates not to cooperate. The false charges were eventually dismissed.

Plaintiff also alleges that Defendant Fitzpatrick's patrol officers have harassed her.

### B. Procedural Background

On July 19, 2005, Plaintiff filed a Motion for Leave To Proceed In Forma Pauperis (#1). The Court granted the motion on July 22, 2003, and the complaint was filed the same day.

### II. Standard of Review

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in the light most favorable to the plaintiff. *Moore v. Bd. of Educ. of City of Chicago*, 300 F. Supp. 2d 641, 642 (N.D. Ill. 2004) (citing *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996)). The Court should dismiss the complaint only if the plaintiff can prove no set of facts consistent with the allegations of the complaint that would entitle her to relief. *Moore,* 300 F. Supp. 2d at 643.

### III. Analysis

Defendants argue that (1) the University of Illinois is not a proper party to this suit; (2) the Board of Trustees should be dismissed as a party because it has not been served; (3) "it is unclear whether Plaintiff's Complaint was timely filed" (#14, ¶ 10); and (4) the Court should dismiss the claims against Defendant Clark in his individual capacity.

The Court agrees that the University of Illinois is not the proper party. Although the University of Illinois was named as a defendant, it is not a suable entity. *Williams v. Univ. of Ill.*, 945 F.Supp. 163, 164 (N.D. Ill. 1996). The proper party to be sued is the Board of Trustees of the University of Illinois. *Id.*; *see* 110 ILCS 305/1. Accordingly, the Court recommends dismissing the University of Illinois from the suit and allowing Plaintiff to file an amended complaint naming the proper party as a defendant.

Defendants next argue that the Board of Trustees should be dismissed as a party because it has not been served. At this point, the Board of Trustees is not a party to the suit and the Court cannot dismiss someone who is not a party. Accordingly, the Court recommends denying Defendants' motion to dismiss the Board of Trustees.

Defendants next argue that it is unclear whether Plaintiff timely filed her complaint. Defendants contend that if the events took place prior to July 22, 2003, the two-year statute of limitations would bar all claims. As an initial matter, the Court notes that, in a suit based on federal law, the statute of limitations on a claim stops running when a suit on the claim is commenced. *Lyles v. Bd. of Com'rs of Cook County,* No. 90 C 4281, 1991 WL 101633, *1 (N.D. Ill. May 29, 1991) (not reported) (citing *Del Raine v. Carlson,* 826 F.2d 698, 706 (7th Cir. 1987)). Pursuant to FED. R. CIV. P. 3, suit is commenced by the filing of the complaint, and the generally-accepted rule is that a complaint is deemed "filed" within the meaning of FED. R. CIV. P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk. *Gilardi v. Schroeder,* 833 F.2d 1226, 1233 (7th Cir. 1987).

The district court clerk received Plaintiff's complaint on July 19, 2005, at the time she filed her motion for leave to proceed *in forma pauperis.* Thus, Plaintiff's suit commenced on July 19, 2005. However, the date that Plaintiff's claims accrued raises factual questions that the Court cannot resolve based on the allegations of the complaint. Defendants appear to acknowledge this because they do not ask the Court to dismiss the case based on the statute of limitations. To the extent that Defendants seek dismissal based on the expiration of the statute of limitations, the Court recommends denying the motion to dismiss at this point. As dates are clarified, Defendants may raise the statute of limitations argument in a subsequent motion.

Next, Defendants ask the Court to dismiss Defendant Clark as a defendant because Plaintiff's complaint contains no allegations about him. Plaintiff has no objection to dismissing Clark. Accordingly, the Court recommends dismissing Clark as a defendant in this case.

### IV.  Summary

For the reasons stated above, the Court recommends that Defendants' Motion To Dismiss **(#14)** be **GRANTED** as to Defendants University of Illinois and Clark, and **DENIED** as to the Board of Trustees and the statute of limitations argument.  In addition, the Court recommends that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.  Plaintiff is reminded that she must serve the added defendant with summons or obtain a waiver of service.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of the Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of September, 2005.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE