UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANE STOLTEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CV-2159 |
| ) | |
| OLIVER J. CLARK, JOHN BROWN, ) | |
| KRYSTAL L. FITZPATRICK, and ) | |
| BOARD OF TRUSTEES of the UNIVERSITY ) | |
| of ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before this court for ruling on the Motion (#56) filed by the pro se Plaintiff, Jane Stoltey, requesting immediate appointment of counsel and review of orders entered by Magistrate Judge David G. Bernthal regarding Plaintiff's medical records. This court has carefully reviewed the court records in this case and Judge Bernthal's orders. Following this careful and thorough review, Plaintiff's Motion (#56) is DENIED.

BACKGROUND

On July 22, 2005, Magistrate Judge Bernthal entered an Order (#3) which granted leave to proceed without prepayment of fees and costs. Plaintiff, Jane Stoltey, was therefore allowed to file her pro se Complaint (#5) in this case. Judge Bernthal also entered an Order (#4) which denied Plaintiff's motion to appoint counsel. Judge Bernthal stated that appointment of counsel was not warranted in this case because there was no indication that Plaintiff had attempted on her own to retain counsel, as required, and because Plaintiff had alleged no physical or mental disability that might preclude her from adequately investigating the facts giving rise to her complaint. Judge Bernthal also stated that Plaintiff appeared more than capable of presenting her case and that neither

the legal issues raised nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

Subsequently, motions to dismiss were granted, in part. On March 21, 2006, Plaintiff filed a pro se Amended Complaint (#41) against Defendants, Board of Trustees of the University of Illinois, John Brown and Krystal L. Fitzpatrick. Plaintiff brought her action pursuant to 42 U.S.C. § 1983 and alleged that she was arrested on July 27, 2003, in violation of her constitutional rights. An Answer (#42) was filed on March 27, 2006.

After the filing of the Amended Complaint and Answer, Judge Bernthal held several hearings regarding discovery problems in the case. Plaintiff staunchly opposed efforts by Defendants to obtain her medical records. On June 20, 2006, following a hearing, Judge Bernthal determined that Plaintiff's medical records were relevant to the issue of damages, granted Defendants' Motion to Compel and ordered Plaintiff to sign releases so that Defendants could obtain her medical records.

On October 16, 2006, Defendants filed a Second Motion to Compel (#52). Defendants stated that they sent Plaintiff duplicate copies of the releases for medical records and a proposed Protective Order covering any medical documents obtained pursuant to the releases. Defendants stated that Plaintiff had still not signed the releases and had not responded to the proposed Protective Order. Defendants noted that Plaintiff was therefore in violation of Judge Bernthal's June 20, 2006, Order. Defendants also stated that Plaintiff's responses to Defendants' Interrogatories and Requests to Produce were long overdue. On November 1, 2006, Plaintiff filed her Response (#53). Plaintiff argued that Defendants were seeking her medical records to harass and intimidate her. Plaintiff stated, however, that if the court ordered her to sign releases for her medical health records, she requested that the court enter a protective order limiting the distribution and use of the medical

records. Plaintiff also requested that Defendants be required to execute and deliver a bond before she was required to sign the release forms.

On November 2, 2006, a hearing on the Second Motion to Compel was held before Judge Bernthal. Judge Bernthal granted the motion and ordered that Plaintiff's response to interrogatories and requests for production were due November 6, 2006. Judge Bernthal stated that he would enter the proposed Protective Order and directed Plaintiff to sign the release forms for medical records. Copies of the release forms were provided to Plaintiff in open court. On November 8, 2006, Judge Bernthal entered the Protective Order (#55).

ANALYSIS

On November 24, 2006, Plaintiff filed her pro se Motion (#56) challenging Judge Bernthal's orders regarding her medical records. Plaintiff has also asked this court to appoint counsel to represent her. Plaintiff stated that she was "coerced by threats to sign documents" and that she "was forced to sign documents without reading them." She stated that Defendants "brazenly, illegally, and outrageously violated legal rights of Plaintiff, simply because she has no attorney to safeguard her legal rights." Plaintiff also stated that Judge Bernthal contradicted himself and made erroneous statements concerning the true facts of this case. Plaintiff also stated that she believes that Defendants' counsel plans to give copies of her medical records to persons other than defense attorneys, in violation of the law.

This court concludes that the record does not support any of Plaintiff's allegations. It is clear to this court, following its review of the pertinent documents, that Judge Bernthal is correct that Plaintiff's medical records are relevant to the issue of damages in this case. Therefore, Defendants are entitled to receive the documents in discovery and Judge Bernthal correctly ordered Plaintiff to

sign the release forms for medical records.  The Protective Order (#55) entered by Judge Bernthal in entirely adequate to protect Plaintiff's rights and specifically provides that "[c]onfidential materials shall not be disclosed to any person or entity except as provided in this Order and shall be used only for the purposes of this lawsuit, and no other litigation or lawsuit."  This court has full confidence that Defendants' counsel, as officers of this court, will fully comply with the terms of the Protective Order.  Based upon its review of the record, this court concludes that Plaintiff is not entitled to any of the relief sought.

 IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion (#56) is DENIED.

(2) Plaintiff's challenge to Judge Bernthal's Orders regarding Plaintiff's medical records is DENIED and the Orders remain in full force and effect.

(3) Plaintiff's request for the appointment of counsel is DENIED.

(4) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 18th day of December, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE