**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **JANE STOLTEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.       ) | Case No. 05-CV-2159 |
| ) | |
| **JOHN BROWN, KRYSTAL L.** ) | |
| **FITZPATRICK, and BOARD OF TRUSTEES** ) | |
| **of the UNIVERSITY of ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

This case is before the court for ruling on the Motion to Dismiss with Prejudice (#60) filed by Defendants, Board of Trustees of the University of Illinois, John Brown and Krystal L. Fitzpatrick. Following this court's careful review of the documents filed by the parties and the record in this case, this court concludes that sanctions are warranted against Plaintiff, Jane Stoltey, for her failure to timely comply with this court's Order. However, this court concludes that the sanction of dismissal is not warranted at this time. Accordingly, Defendants' Motion to Dismiss with Prejudice (#60) is DENIED.

BACKGROUND

On January 10, 2007, this court entered an Order (#59) which GRANTED Defendants' Third Motion to Compel (#58). This court ordered Plaintiff, who is proceeding pro se in this action, to: (1) carefully review Defendants' Request to Produce and disclose all documents responsive to those requests which she has in her possession by January 23, 2007; (2) serve her Rule 26 Initial Disclosures on Defendants by January 23, 2007; and (3) provide an Answer to Interrogatory No. 7 of Defendants' Interrogatories by January 23, 2007. This court stated that "Plaintiff is hereby informed that failure to comply with this court's orders will result in further sanctions, which may

include dismissal of her case."

On January 25, 2007, Defendants filed a Motion to Dismiss with Prejudice (#60). Defendants stated that, as of that date, Plaintiff had not provided any additional documentation or any response whatsoever to this court's Order. Defendants further stated that this was the third order entered following a Motion to Compel that Plaintiff has simply refused to obey "based upon the Plaintiff's belief that she does not need to do so." Defendants stated that "it is apparent that the Plaintiff does not feel bound by the Court's orders in this case, and that no amount of effort is going to secure the Plaintiff's agreement to abide by the rules of procedure that govern all parties in litigation."

On February 6, 2007, Plaintiff filed her Response to Motion to Dismiss (#62). Plaintiff stated that she had attached a response to Defendants' Interrogatory 7. In her attached response, Plaintiff stated that she "has no opinion witnesses who would testify as to the matters encompassed by question 7." Plaintiff also stated that she had "no disclosures or documents to produce other than those which have been disclosed or produced by defendants." Plaintiff further stated that she "is indigent, has no funds to obtain legal counsel or procure witnesses, and therefore intends to proceed based only on her own testimony, examination of the defendants' witnesses and the documents produced by the defendants or otherwise contained in public records." Plaintiff asked this court to deny Defendants' Motion to Dismiss.

## ANALYSIS

Under the Federal Rules of Civil Procedure, federal courts have the power to sanction parties for violations of court orders regarding discovery. See Fed. R. Civ. P. 37(b). In addition to Rule 37, this court also has inherent authority to sanction a party for discovery abuses. See Chambers v.

NASCO, Inc., 501 U.S. 32, 44 (1991); Greviskes v. Univs. Research Ass'n, 417 F.3d 752, 758-59 (7th Cir. 2005). "Though courts are often less demanding of parties representing themselves, pro se litigants do not enjoy 'unbridled license to disregard clearly communicated court orders.'" Wright v. Lake County Sheriff's Dept., 2006 WL 978929, at *1 (N.D. Ind. 2006), quoting Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996). This court has wide discretion as to the appropriate sanction, and the court may exercise its discretion by dismissing claims with prejudice. See Govas v. Chalmers, 965 F.2d 298, 303 (7th Cir. 1992). However, "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000), quoting Salgado v. General Motors Corp., 150 F.3d 735, 740 (7th Cir. 1998). The Seventh Circuit has stated that it is "particularly vigilant in requiring proportionality 'where the draconian sanction of dismissal is imposed.'" Long, 213 F.3d at 986, quoting Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992). The Seventh Circuit stated that it had often noted that the interests of justice are best served by resolving cases on the merits so that the sanction of dismissal with prejudice should be resorted to infrequently by district courts in attempting to control their dockets and extirpate nuisance suits. Long, 213 F.3d at 986.

In this case, it appears that Plaintiff has now complied and has provided the information this court ordered her to provide in its January 10, 2007, Order. However, Plaintiff has given no explanation as to why the minimal amount of information she provided could not have been provided long ago, when it was due. It took motions to compel, this court's Order, and Defendants' Motion to Dismiss with Prejudice to finally get Plaintiff to inform Defendants, and this court, that she will not be calling opinion witnesses and that she has no documents or witnesses (other than

herself) to present at trial.  Under these circumstances, a sanction for failure to timely comply with Plaintiff's discovery obligations and for failure to timely comply with this courts' Order is clearly warranted.  This court concludes, however, that dismissal of Plaintiff's Complaint with prejudice would not be proportionate to the infraction at this stage of the proceedings.

An award of attorney's fees may be reasonable and appropriate under the circumstances here. See Wright, 2006 WL 978929, at *1.  However, Defendants have not requested attorney's fees and it is possible that Plaintiff does not have the ability to pay an award of attorney's fees.  Therefore, Defendants are directed to file, within fourteen days from the date of this Opinion, their suggestion as to the appropriate sanction which should be imposed.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss with Prejudice (#60) is DENIED.

(2) This court concludes that sanctions are warranted based upon Plaintiff's failure to timely comply with this court's Order.  Defendants are directed to file, within fourteen days from the date of this Opinion, their suggestion as to the appropriate sanction which should be imposed.

ENTERED this 8th day of February, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE