E-FILED
Monday, 23 July, 2007  02:40:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANE STOLTEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CV-2159 |
| ) | |
| JOHN BROWN, KRYSTAL L. ) | |
| FITZPATRICK, and BOARD OF TRUSTEES ) | |
| of the UNIVERSITY of ILLINOIS, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#69) filed by Defendants, Krystal L. Fitzpatrick and John Brown. Following this court's careful review of Defendants' Motion, Memorandum and attached exhibits, as well as the Response (#74) filed by Plaintiff, Jane Stoltey, and Defendants' Reply (#75), Defendant's Motion for Summary Judgment (#69) is GRANTED.

## BACKGROUND

On July 22, 2005, Plaintiff was granted leave to proceed without prepayment of fees and costs, and her pro se Complaint (#5) was filed in this court. On March 7, 2006, this court entered an Order (#39) which accepted a Report and Recommendation filed by Magistrate Judge David G. Bernthal. Based upon Judge Bernthal's recommendation, this court GRANTED the Motion to Dismiss filed by the Board of Trustees of the University of Illinois (Board). Therefore, Plaintiff's claims under 42 U.S.C. § 1983 against the Board and against Defendants Fitzpatrick and Brown, in their official capacities, were dismissed with prejudice. This court stated that, after dismissal of the claims against the Board and against Defendants Fitzpatrick and Brown in their official capacities, it was unclear what constitutional right Plaintiff believed Defendants violated by their conduct. This

court therefore dismissed the remaining claims without prejudice and allowed Plaintiff 14 days to file an amended complaint.

On March 21, 2006, Plaintiff filed her pro se Amended Complaint (#41) which named the Board, Brown and Fitzpatrick as Defendants. Plaintiff stated that her action was brought pursuant to 42 U.S.C. § 1983. She alleged that, during July 2003, Defendants Brown and Fitzpatrick, while acting as police officers, made false statements concerning Plaintiff, which statements caused an arrest warrant to be issued against her. Plaintiff further alleged that Defendants Brown and Fitzpatrick falsely described Plaintiff as "homeless." Plaintiff alleged that she was denied a recognizance bond and was imprisoned for five days in part because of Defendants' statement that she was "homeless." Plaintiff further alleged that Defendants Brown and Fitzpatrick concealed or destroyed evidence showing that Plaintiff did not commit the crime she was accused of committing. Plaintiff also alleged that "Defendants Board of Trustees of the University of Illinois, John Brown and Krystal L. Fitzpatrick have followed and harassed the Plaintiff in public places." Plaintiff alleged that Defendants were liable under 42 U.S.C. § 1983 for the violation of her constitutional rights.

On March 27, 2006, Defendants Brown and Fitzpatrick filed their Answer (#42) to the Amended Complaint.[1] Subsequently, problems arose regarding Plaintiff's participation in discovery and orders granting motions to compel were entered. Based upon Plaintiff's failure to comply with court orders, this court entered a sanction Order (#65) on March 9, 2007. This court barred Plaintiff

---

[1] The Board did not file any response to the Amended Complaint, even though it was named as a Defendant. However, because this court had earlier ruled that Plaintiff's claims under 42 U.S.C. § 1983 against the Board were dismissed with prejudice, and Plaintiff's Amended Complaint included only claims under 42 U.S.C. § 1983, this court concludes that the Board must be dismissed as a Defendant.

from offering any testimony or evidence in support of her complaint at trial other than her own testimony and cross-examination of Defendants' witnesses and documents. This court also extended Defendants' deadline to disclose expert witnesses.

On May 1, 2007, Defendants filed their Motion for Summary Judgment (#69) and a Memorandum in Support (#70) with attached exhibits. Defendants included a Statement of Undisputed Facts which set out 101 facts, each of which was supported by the submitted documentation. These facts showed that Plaintiff has a long history of problems with the University of Illinois' Illini Union. Plaintiff was served with a no trespass letter for the Illini Union on June 5, 2003. The letter stated:

> Your conduct and behavior while in the Illini Union have been unacceptable and caused impediment for customers of the Illini Union to find event information. On Friday, May 9, 2003, at 9:05 PM, Friday, May 30, 2003, at 5:23 PM, and Monday, June 2, 2003, at 9:15 PM, you were observed taking event display signage by Illini Union employees. Your actions are a clear obstruction to the day to day business operation of the Illini Union.
>
> I am advising you that you are not authorized to enter the Illini Union upon receipt of this letter. Failure to comply will result in your arrest for criminal trespass.

The letter was signed by Jamie M. Singson, assistant director of the Illini Union. On June 11, 2003, Singson sent Plaintiff a letter stating that the expiration date of the trespass letter was June 2, 2004. The letter stated that Plaintiff was "not authorized to enter the Illini Union for the specified period."

Defendants also submitted evidence which showed that Brown is a Sergeant with the University of Illinois Police Department. On July 18, 2003, he and another officer were dispatched to the Illini Union to remove a trespasser. After they arrived at the Illini Union, Brown spoke to Susan Sanders. Sanders reported that she had seen Plaintiff on an elevator in the Illini Union. Brown and the other officer were unable to locate Plaintiff. Brown then confirmed that Plaintiff had been served with a valid no trespass letter. Brown wrote an Offense Report which stated that Sanders had reported that she had seen Plaintiff in the Illini Union on July 18, 2003. In the Report, Brown stated that Plaintiff was homeless. In his affidavit, Brown stated that he honestly believed that Plaintiff was homeless when he wrote his report based upon his observations of her around campus.

On July 23, 2003, Assistant State's Attorney Elizabeth Dobson filed an information charging Plaintiff with committing the offense of Criminal Trespass to Real Property. Judge Jeffrey Ford found probable cause to arrest and issued an arrest warrant. Judge Ford also set Plaintiff's bond at $2,500. On July 27, 2003, Plaintiff was arrested by Officer Troy Chew. On August 1, 2003, $250.00 bond was posted for Plaintiff, and she was released. The docket sheet for the Champaign County case shows that, on November 5, 2003, the prosecutor and Plaintiffs' counsel stipulated that Plaintiff was unfit to stand trial. The docket sheet also shows that the charge against Plaintiff was ultimately dismissed on October 25, 2004.

In his affidavit, Brown stated that writing the Offense Report was his only involvement in the criminal charge subsequently brought against Plaintiff in Champaign County. In her affidavit, Fitzpatrick stated that she is currently the Interim Executive Director of Public Safety and the Chief of Police at the University of Illinois. Fitzpatrick stated that she has had some contacts with Plaintiff

over the years, but had no personal involvement in the investigation of the July 18, 2003, incident which led to Plaintiff's arrest. Both Brown and Fitzpatrick stated in their affidavits that they did not attend any court hearings or participate in any way regarding the criminal charge against Plaintiff. Both Brown and Fitzpatrick also stated that they did not conceal or destroy evidence and further stated they have never harassed Plaintiff.

Defendants then provided citations to pertinent case law authority and argued that they are entitled to summary judgment on Plaintiff's claims against them because the claims have no factual or legal basis.

On May 4, 2007, a Notice (#71) was sent to Plaintiff which informed her that she had twenty-one (21) days to respond to the Motion for Summary Judgment. The Notice stated:

> When a motion for summary judgment is made and properly supported, you may not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment.

As stated in the Notice, a copy of Rule 56 was enclosed and provided to Plaintiff.

This court allowed Plaintiff's request for additional time to file her Response, and, on June 28, 2007, Plaintiff filed her Response to Motion for Summary Judgment (#74). Plaintiff did not

5

respond to the 101 facts included in Defendants' Statement of Undisputed Facts. Instead, Plaintiff set out her version of some of the facts and asserted that there are material issues of disputed fact in this case. She also stated that she would present testimony to support her claims at trial. Plaintiff did not attach any affidavits or other evidence to her Response.

On July 6, 2007, Defendants filed a Reply to Plaintiff's Response (#75). Defendants stated that, in their Motion for Summary Judgment, they "pointed out the circumstances surrounding Plaintiff's arrest and their freedom from any actions which could be construed . . . to constitute a violation of the Plaintiff's constitutional rights." They also stated that "Plaintiff's Response does not dispute any of the facts asserted, nor does it offer any case authority to the contrary of that set out in the Defendants' original motion."

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Speculation,

however, is not the source of a reasonable inference.  See Burwell, 213 F. Supp. 2d at 929, citing Chmiel v. JC Penney Life Ins. Co., 158 F.3d 966, 968 (7th Cir. 1998).

Therefore, in responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must "set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 248; see also Cunningham v. Posnet Servs., LLC, 2007 WL 1875983, at *1 (S.D. Ill. 2007).  Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."  Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004).  Therefore, the "non-moving party must present definite, competent evidence to rebut the summary judgment motion."  Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park, 2006 WL 2192014, at *4 (N.D. Ill. 2006), aff'd, ___ F.3d ___, 2007 WL 1583989 (7th Cir. 2007).  Moreover, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts.  Waldridge, 24 F.3d at 922; Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997).

After Defendants filed their Motion for Summary Judgment, Plaintiff received a Notice from this court which specifically advised her of the need to submit evidence contradicting Defendants' assertions.  Plaintiff failed to do so.  However, it remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law."  Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994); see also Cunningham, 2007 WL 1875983, at *1 (even if the opposing party fails to present relevant evidence in response to a motion for summary judgment, a court cannot enter summary judgment if the moving party fails to meet its strict burden of proof).  Accordingly, the district court must make the further finding that summary

judgment is proper as a matter of law. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995).

In this case, Defendants have provided a detailed statement of undisputed material facts with supporting documentation. They have also provided pertinent case law authority showing that, based upon the facts provided and supported by the record, there is no basis for Plaintiff's claims against them and they are entitled to summary judgment as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Summary Judgment (#69) is GRANTED. Judgment is entered in favor of Defendants, Krystal L. Fitzpatrick and John Brown, and against Plaintiff, Jane Stoltey.

(2) Defendant Board of Trustees of the University of Illinois is dismissed as a Defendant based upon this court's Order (#39) which dismissed Plaintiff's § 1983 claims against the Board with prejudice.

(3) This case is terminated. The final pretrial conference scheduled for August 31, 2007, and the jury trial scheduled for September 10, 2007, are hereby VACATED.

ENTERED this 23rd day of July, 2007.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE